UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>LARRY G. BAILEY,<br><br>                    Defendant. | CASE NO. CR15-5485 BHS<br><br>ORDER |

This matter is before the Court on Defendant Larry G. Bailey's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821, Part A. Dkt. 40. The addition of § 4A1.1(e) to Amendment 821 lowers Bailey's guideline range and the § 3553(a) factors weigh in favor of reducing his sentence. His motion is **GRANTED**.

## I.   BACKGROUND

Bailey pled guilty to one charge of bank robbery in December 2015 for a robbery he committed in January 2015. Dkt. 22. Bailey robbed a bank in Chehalis, Washington, wearing a disguise and pretending to carry a gun. Dkt. 28 ¶¶ 8–10. He directed the employees to bring him into the vault, acquired approximately $36,000 in bank funds, left

ORDER - 1

the bank on foot, and attempted to flee on a bicycle before he was arrested. *Id*. Police found him in possession of a glass pipe but no weapon. *Id.*

On March 7, 2016, the Honorable Ronald B. Leighton[1] sentenced Bailey to 144 months in prison. Dkt. 37. The parties' plea agreement recommended 108 to 144 months. Dkt. 22 at 5. In justifying its sentence at the top of the recommended range, the Court cited Bailey's lengthy history of violent bank robbery offenses, the extreme conduct, his history and characteristics, as well as other § 3553(a) factors, including deterrence and protecting the public from further crimes. Dkt. 37; SOR at 3.

Bailey seeks a reduced sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821, Part A. Dkt. 40. He argues, and the Government agrees, that changes to Amendment 821, Part A of the United States Sentencing Guidelines (USSG) reduce his guideline range from 84-105 months in 2016, to 70-87 months now. Dkt. 46 at 1. However, Bailey "agrees that an above-guideline sentence is still appropriate" and he consequently seeks a "proportional reduction" to 120 months. Dkt. 40 at 7. He argues that 120 months is a "proportional reduction" because his original sentence of 144 months "is 171% of the bottom of the previous range (84 months), and 171% of the bottom of the new range is 120 months." *Id*. at 7 n. 3. In addressing the § 3553(a) factors, Bailey argues that his risk of recidivism is significantly lower because he is 61 years old, that he has gained useful job skills while incarcerated, and that six months in a residential re-entry program would set him up for success at building a stable life.

---

[1] This case was transferred to the undersigned following Judge Leighton's retirement from the federal bench. Dkt. 42.

The Government opposes reducing Bailey's sentence. Dkt. 45. Although it agrees that changes to Amendment 821 reduce his guideline range to 70-87 months, it argues that the § 3553(a) factors preclude reduction. *Id*. It emphasizes that maintaining Bailey's current sentence is necessary to protect the public given that "literally decades of attempted intervention" failed to deter Bailey from his history of robbing banks. *Id*. at 12. The Government does not address the impact of Bailey's age on the need to protect the public or deter future criminal conduct.

## II.  DISCUSSION

Under 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Section 3582(c)(2) allows a court to reduce a defendant's sentence when the sentencing range for a crime has been lowered after the conviction:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

*Id*.  After Bailey's conviction, the Sentencing Commission changed Amendment 821 of the sentencing guidelines. The parties agree this change results in a lower sentencing guideline range than existed when Bailey was sentenced. Specifically, the Sentencing Commission struck § 4A1.1(d) from Part A of Amendment 821 to the Sentencing

Guidelines, which previously added two points to the criminal history category computation "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." The Commission replaced § 4A1.1(d) with § 4A1.1(e), which requires seven or more points under subsections (a) through (d) before adding any points for an offense committed while under a criminal sentence. In August 2023, the Sentencing Commission decided that the § 4A1.1(e) change applies retroactively.

*Dillon* mandates a two-step approach for district courts to follow in applying a retroactive guideline amendment to reduce a sentence. 560 U.S. 817. At step one,

> § 3582(c)(2) requires the court to follow the Commission's instructions in §1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, §1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Ibid*.
> Consistent with the limited nature of § 3582(c)(2) proceedings, §1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. §1B1.10(b)(2)(A).

560 U.S. at 827. At step two,

> § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

ORDER - 4

*Id*. In short, the Court must first determine whether Amendment 821 would have been applicable to Bailey at the time of his sentencing. If he qualifies for the sentence reduction, the Court must still ensure that any reduced sentence is not less than the minimum of the amended guideline range. If step one is satisfied, the Court would then turn to step two and consider the applicable § 3553(a) factors and determine whether a reduction is warranted under the particular circumstances of his case.

A.     **The changes to Amendment 821 lower Bailey's sentence range**

Here, the first step of the *Dillon* analysis is made eminently easier by the fact that the parties agree that § 4A1.1(e) in Amendment 821 lowers Bailey's guideline range from 84–105 months to 70–87 months. The following agreed factors explain the new range:

- When Bailey committed the offense in 2015, the guideline range was 84–105 months because he was in a Criminal History Category (CHC) IV with 7 points and his total offense level was 25.
- Critically, he had 5 criminal history points plus 2 additional points pursuant to the now obsolete § 4A1.1(d) for committing the offense while under a term of community supervision.
- § 4A1.1(e) replaced § 4A1.1(d), and § 4A1.1(e) requires 7 or more criminal history points in order to add two additional points for committing an offense while under supervision.
- Therefore, Bailey's CHC is now III and the guideline range is 70–87 months.

The relationship between Bailey's original sentence and the guideline range at the time of sentencing guides the Court's analysis of how much to reduce his sentence. His

plea agreement recommended 108–144 months of custody. Judge Leighton sentenced him to the top of the agreed range, 144 months. At the time, the top of the applicable USSG range was 105 months. Bailey's 144 month sentence was 39 months more than the top USSG range.

Before considering the § 3553(a) factors, the Court concludes that a fair and just sentence would be 39 months over the top of the current USSG range of 87 months, which is 126 months.

**B.    The § 3553(a) factors weigh in favor of reducing Bailey's sentence**

Because Bailey qualifies for a sentence reduction under the new USSG guidelines, the Court turns to step two under *Dillon* and consider the applicable § 3553(a) factors to determine whether a reduction is warranted under the particular circumstances of his case. Here, those factors weigh in favor of reduction.

When Judge Leighton balanced the § 3553(a) factors in 2016, he concluded that 144 months (the top of the agreed range in the plea agreement) was sufficient but not greater than necessary to satisfy the goals of sentencing. No doubt the 2016 sentence above the guideline range and plea agreement considered that Bailey's "multiple prior federal convictions for bank robbery (were) . . . entirely absent from the calculation of Bailey's criminal history category and sentencing range." Dkt. 45 at 11.

The Court here additionally considers that Bailey is now 61 (nine years older than when he committed his last bank robbery in 2015) and has apparently a good discipline record. Bailey argues persuasively that data shows "the risk of recidivism declines significantly as people get older, and the decline is precipitous as they pass the age of

60." Dkt. 40 at 11. His age weighs in favor of release. The remaining § 3553(a) factors all support the Court's reduction.

Bailey seeks in addition to the reduction of sentence an added condition of his supervised release that he be released to a residential re-entry center for six months. Dkt. 40 at 1. This request is **GRANTED**.

In sum, the Court sentences Bailey to 126 months imprisonment and 3 years of supervised release with all the same conditions imposed by Judge Leighton in 2016, with the additional condition that Bailey be released to a residential re-entry center for six months.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Bailey's motion for a reduced sentence, Dkt. 40, is **GRANTED**. His request to be released to residential re-entry center for six months as a condition of his supervised release is also **GRANTED**.

Dated this 16th day of April, 2024.

BENJAMIN H. SETTLE
United States District Judge